**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE SUBPOENA TO** | ) | **CASE NO. 08 MC 50** |
| **SBC INTERNET SERVICES, INC.** | ) | |
| | ) | |
| | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |

**INTRODUCTION**

This matter is before the Court upon John Doe's Motion to Quash a subpoena to SBC Internet Services, Inc., a/k/a SBC Internet Services, a/k/a AT&T Internet Services ("SBC"). (Doc. 1). The subpoena seeks information concerning Doe's identity in connection with a libel suit pending in the United States District Court for the Middle District of Florida. For the reasons that follow, Doe's motion to quash is DENIED.

**FACTS**

On November 1, 2007, Edward T. Saadi initiated case number 07-CV-1976 against Pierre A. Maroun, Hala Fakhre Maroun, Maroun International LLC and John Does 3-12. The suit alleges that Saadi has been harmed by defamatory statements posted by defendants on an

Internet "blog" and two Internet "forums" (the "Libel Action"). Saadi also alleges the intentional infliction of emotional distress. John Doe is a defendant in the Libel Action. Mr. Saadi, proceeding *pro se* both here and in the Libel Action, is an attorney licensed to practice in Ohio and other jurisdictions.

The allegedly defamatory statements include statements that Saadi "is mentally unstable" and "has a complex." They state he has received stolen property and that he is a "mobster" and a "stalker." The statements also indicate that Saadi "ran away like a coward" from the "war in Lebanon" leaving "his people to be slaughtered" and that he along with others "tried to present themselves as Lebanon's liberators today until [General] Aoun allied himself with Hizbullah, a terrorist organization, and became one of Syria's puppets in Lebanon." Many of the postings discuss General Aoun's apparent transformation from "Godfather of the resistance, the man of principles, and the ultimate defender of Freedom and Democracy" to one with "dirty dealings with Syria and Hezbollah" and imply that Saadi is somehow connected to Aoun. Another blog post implies that Saadi has committed statutory rape: "By the way, she [Saadi's "high school girlfriend"] already turned 18, so it's legal now though he is 15 years older."

After Saadi initiated the Libel Action, defendants posted a new message stating: "As for those who sold their souls, their honor and their countries for 'thirty pieces of silver,' we promise them that they will receive the same fate traitors have received throughout history - INFAMY and the NOOSE!" Immediately following this statement are "hyperlinks" to the pleadings of Saadi's Libel Action. The hyperlinks refer to Saadi as a "Cry Baby" and the poster indicates he has "NO COMMENT! Seriously!"

2

On May 20, 2008, Pierre and Hala Maroun moved to dismiss Saadi's Second Amended Complaint in the Libel Action or, in the alternative, for a more definitive statement (the "Maroun Motion").  The Maroun Motion argues that the allegedly defamatory statements are "statements of opinion that are not actionable."  The Maroun Motion is still pending before the district court in Florida.

On June 5, 2008, Saadi issued a subpoena from this Court to SBC, an Internet Service Provider ("ISP"), to learn the identities of certain defendants, including John Doe.  The subpoena seeks:

> 1. All documents relating to the identity of Defendants, including but not limited to the following:
>
>    a.  Name, residential and/or business address, and residential and/or [sic, business] telephone number;
>
>    b.  All e-mail addresses of Defendants;
>
>    c.  All usernames and/or aliases of Defendants used in connection with the ISP Service;
>
> 2. All documents relating to the registration for, creation of, access to, or use of the ISP Service by the Defendants, including but not limited to any and all registration information and/or credit card or other payment information submitted by Defendants in connection with.
>
> 3. All documents relating to any formal or informal policy relating to the preservation by ISP of the information requested in paragraphs 1 and 2 above.

Doe now moves the Court to quash the subpoena.  The motion is opposed by Edward Saadi. Saadi also moves for leave to file a surreply.

**DISCUSSION**

Doe argues that if the subpoena is enforced Internet users will be intimidated and their

3

constitutionally protected speech will be chilled.  He states that the First Amendment protects the right to speak anonymously and that this right to anonymous speech extends to speech made over the Internet.  He also states that the blog sites at issue are political in nature, granting the speech made therein special protections.  Finally, defendant argues that discovery as to his identity should be stayed pending a ruling on the Maroun Motion.  *See, e.g., Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) (deciding to rule on motion to dismiss before a motion to quash where the motions were pending before the same judge).

Saadi responds that defamatory speech is not protected by the First Amendment. *Beauharnais v. Illinois*, 343 U.S. 250, 266 (1952).  Further, defamatory statements accusing Saadi of committing serious crimes such as stalking, statutory rape, receiving stolen property, being a mobster and being connected to a group on the State Department's list of terrorist groups are defamatory *per se*.  *Leavitt v. Cole*, 291 F.Supp.2d 1338, 1342 (M.D. Fla. 2003) (citing *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953)).  A statement that one has a condition that is incompatible with the proper exercise of his trade or profession - such as stating an attorney is mentally unstable - is also defamatory *per se*.  *Id.*

Doe replies that he is not the author of the allegedly defamatory statements and that all he did was to "re-post" an article written by another.  He states he posted under the alias "Bashir4ever."  This defendant is named as "John Doe #3" in Saadi's Second Amended Complaint.  However, John Doe does not submit his answer to the complaint, an affidavit or any other competent evidence to support his argument that he did not post or author any of the other complained-of postings.  Further, Saadi's Second Amended Complaint alleges that John

4

Doe #3 did in fact post certain of the other allegedly defamatory statements.  Doe's bald assertion that he did nothing wrong is insufficient to sustain his Motion to Quash.[1]

Both Doe and Saadi point to various opinions in which state and federal courts have attempted to formulate a test for determining whether or not a subpoena to an Internet Service Provider to discover the identity of an anonymous defendant accused of online defamation should be quashed.  The courts generally struggle with balancing the right to speak anonymously on the Internet with the victim's right to seek redress for the wrong done to him.  The matter appears to be far from settled and the courts have developed a number of tests along a spectrum requiring lesser or greater showings from the plaintiff as to the merits of his underlying case before a subpoena to an ISP will be enforced.

This Court finds that the tests articulated in the cases relied upon by Doe are too stringent.  These cases, such as *Columbia Insurance*, would require Saadi to survive at least a motion to dismiss or otherwise establish a *prima facie* claim that Doe did in fact make the defamatory statements.[2]  This Court agrees with Saadi and the cases on which he relies that such tests are "unduly cumbersome."  *In re Subpoena Duces Tecum to America Online, Inc.*, 52 Va. Cir. 26 (Va. Cir. Ct. 2000); *see also In re Baxter*, 2001 U.S. Dist. LEXIS 26001 (W.D. La. 2001).

> [T]he right to speak anonymously is not absolute.  In that the

---

[1]

Saadi's surreply raises these same points.

[2]

The Court notes that John Doe did not join in the Maroun Motion in the underlying Libel Action.  Thus, even if that motion is granted, it will say nothing of the ability of the claims against John Doe to survive.

5

> Internet provides a virtually unlimited, inexpensive, and almost immediate means of communication with tens, if not hundreds, of millions of people, the dangers of its misuse cannot be ignored. The protection of the right to communicate anonymously must be balanced against the need to assure that those persons who choose to abuse the opportunities presented by this medium can be made to answer for such transgressions.  Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights.

*America Online*, 52 Va. Cir. 26.[3]

The *America Online* court then held that a defamation plaintiff need only show a "legitimate, good faith basis" for its claim. *Id.*  The *Baxter* court similarly concluded that a defamation plaintiff need only show a "reasonable possibility" that his claim has merit (further stating that even a "reasonable probability" test would be too burdensome).  The Court has reviewed Saadi's Second Amended Complaint, the Maroun Motion to Dismiss and Saadi's Opposition thereto and finds that Saadi has established at least a "legitimate, good faith basis" for the claims in his Libel Action and "reasonable possibility" of success.

### **CONCLUSION**

---

[3]

> As Saadi correctly points out in his surreply, the *AOL* decision was reversed on other grounds. *America Online, Inc. v. Anonymous Publicly Traded Co.*, 261 Va. 350 (2001).  The Virginia Supreme Court held that *plaintiff* in the underlying action had not sufficiently established that it should be allowed to proceed with discovery to discover the identity of John Doe defendants while remaining anonymous itself and that principles of comity did not require the Virginia trial court to defer to an *ex parte* order of the trial court in which the case was pending (in Indiana) permitting plaintiff to proceed anonymously. The Virginia Supreme Court did not reach the logic or propriety of the test articulated by the lower court on when a subpoena may be enforced to discover the identity of an anonymous *defendant*.

For the above-stated reasons, Doe's motion to quash is DENIED.

IT IS SO ORDERED.

                     /s/ Patricia A. Gaughan
                     PATRICIA A. GAUGHAN
                     United States District Judge

Dated: 8/19/08